IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY L. SCHWARTZ, | ) | 4:12CV3052 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion to Quash IRS Third Party Summons.  (Filing No. 1.)  For the reasons set forth below, the Motion is denied.

### *BACKGROUND*

Petitioner Jeffrey L. Schwartz ("Schwartz") filed his Petition to Quash IRS Third Party Summons ("Petition") on March 19, 2012.  (Filing No. 1.)  Schwartz seeks to quash a summons issued by the Internal Revenue Service ("IRS") and served on the Platte Valley Bank on March 1, 2012 (the "Summons").  (*Id.* at CM/ECF pp. 13-14.)  The Summons requests that Platte Valley Bank produce records relating to Schwartz's potential federal income tax liability for 2004, 2008, and 2009.  (*Id.*)

On July 2, 2012, the United States filed its Response to Schwartz's Petition.[1]

---

[1] Schwartz named five entities and individuals as Respondents in this matter. As noted by Respondent, the proper party is the United States because the relief sought by Schwartz, an order quashing the Internal Revenue Service summons served on Platte Valley Bank, is in fact relief sought against the United States.  *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989); *DeLeeuw v. I.R.S.*, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987).  Therefore, the court will refer to the proper party—the United States—throughout this opinion and will direct the Clerk of the court to update its records accordingly.

(Filing No. 6.)  Schwartz thereafter filed a Motion to Strike the United States' Response, which the court liberally construes as a Response to the United States's arguments.  (Filing No. 7.)  The United States responded to that separate Motion. (Filing No. 8.)  This matter is therefore deemed fully submitted.[2]

### *ANALYSIS*

Condensed and summarized, Schwartz argues that the Summons is improper because the State of Nebraska is not part of the United States.  (Filing No. 1 at CM/ECF pp. 1-7.)  As such, all income generated in Nebraska is not subject to federal income tax and the United States and its agents do not have authority to seek payment of federal income tax within Nebraska.  (*Id.*)  Such arguments are frivolous, at best. Regardless, the court has undertaken an independent review of the Summons and finds that it was properly issued and that quashing the Summons is not warranted.

In order to encourage effective tax investigations, "Congress has endowed the IRS with expansive information-gathering authority. " *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984).  The primary tool for gathering information is the authority of the IRS to issue administrative summonses pursuant to 26 U.S.C. § 7602. That section authorizes the issuance of a summons to any person or entity for document(s) that may be relevant to a tax investigation.  (*Id.*)  This investigative authority does not depend on probable cause to suspect a violation of the revenue laws but may simply amount to a "fishing expedition" by the IRS.  *Powell*, 379 U.S. 48, 53-56; *United States v. Giordano*, 419 F.2d 564, 568 (8th Cir. 1969) ("Taxpayer in his brief characterized the Government's efforts as a 'fishing expedition.'  If so, the

---

[2]On August 1, 2012, Schwartz filed two additional documents, a Verified Notice of Adjuicative [sic] Facts (filing no. 9) and a Verified Acceptance of Oath of Office (filing no. 10).  Liberally construed, these documents repeat the arguments set forth in Schwartz's other pleadings relating to his status as a non-citizen because Nebraska is not a state within the United States.

Secretary or his delegate has been specifically licensed to fish by § 7602.").  Stated another way, the IRS may investigate on mere suspicion that the law is being violated or just because it wants assurance that it is not.  *Powell*, 379 U.S. at 57.

Further, under *Powell*, a summons issued under 26 U.S.C. § 7602 is legitimate where it was:

> [C]onducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed-in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*Id.*; *see also United States v. John G. Mutschler & Assocs., Inc.*, 734 F.2d 363, 367 (8th Cir. 1984) (holding that a summons should be enforced if the IRS is able to make out a "prima facie case of good faith adherence to the *Powell* factors").

In the event that the IRS makes a prima facie showing of good faith, the burden shifts.  As set forth by the Eighth Circuit:

> [T]he burden shifts to the party summoned to disprove one of these elements or to demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.  That burden is a heavy one.  The party must show either that the IRS is acting in bad faith or that the IRS has abandoned any civil purpose in the investigation.

*United States v. Claes*, 747 F.2d 491, 494 (8th Cir. 1984).

To demonstrate that the IRS satisfied the *Powell* factors in this matter, the United States filed the Declaration of Allison Graesser ("Graesser"). (Filing No. 6-1.)

3

In the Declaration, Graesser states that she is the Revenue Agent responsible for "conducting an examination to determine the correct federal income tax liabilities of Jeffrey L. Schwartz for the tax years 2004, 2008, and 2009." (*Id.* at CM/ECF p. 1.) Graesser also states that "[t]he testimony, books, records, papers, and/or other data sought" in the Summons "are relevant because they may show income received by Mr. Schwartz" for the tax years in question. (*Id.* at CM/EDF p. 3.)  Further, Graesser states that "it is necessary" to get this information from Platte Valley Bank in order to determine Petitioner's tax liability, and she affirms that she followed the necessary procedures before issuing a summons. (*Id.*)  In particular, Graesser attempted to meet personally with Schwartz but he did not appear, she sent Schwartz two separate written notices via certified mail that the IRS was prepared to contact third parties to determine his income tax liability if he continued to ignore requests for more information, and she also sent a certified copy of the Summons to Schwartz on the same day she sent the Summons to Platte Valley Bank. (*Id.* at CM/ECF pp. 2-3; *see also* Filing Nos. 6-4, 6-5, and 6-6.)

Schwartz does not contest the substance of Graesser's Declaration, or the relevancy of the information being requested by the IRS.  Instead, Schwartz asserts various "tax protestor" arguments concerning the validity of the federal income tax. Such arguments are without merit and the court will not waste time addressing these frivolous claims.  *Denison v. Commissioner*, 751 F.2d 241, 242-43 (8th Cir. 1984) (per curiam) ("But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes."); *see also Lively v. Commissioner*, 705 F.2d 1017 (8th Cir. 1983) (per curiam) (rejecting the argument that the federal income tax is an unconstitutional direct tax).

Granting the Response the most liberal construction possible, Schwartz questions whether the Summons is legitimate. (Filing No. 7.)  However, the basis for

all of Schwartz's arguments is his supposed status as "not a 'person'" who "dwell[s] in a State," because Nebraska is not within the United States.  (*Id.* at CM/ECF p. 5.) Schwartz does not contest that he, during all relevant periods, maintained accounts with Platte Valley Bank, nor does he point the court to anything refuting Graesser's Declaration or supporting his broad assertions that the Summons is illegitimate or that he failed to receive proper notice of the Summons.  In short, although the United States has met its burden under *Powell*, Schwartz has not demonstrated that "the IRS is acting in bad faith or that the IRS has abandoned any civil purpose in the investigation."  *Claes*, 747 F.2d at 494.  The court therefore finds that the Summons issued to Platte Valley Bank was properly issued pursuant to 26 U.S.C. § 7602, in compliance with *Powell*, and is valid and enforceable.

IT IS THEREFORE ORDERED that:

1.     Petitioner Jeffrey L. Schwartz's Motion to Quash IRS Third Party Summons (filing no. 1) is denied and this matter is dismissed with prejudice. Petitioner's Motion to Strike Response (filing no. 7) is denied.

2.     The Clerk of the court is directed to update the court's records in accordance with this Memorandum and Order.  Specifically, the United States of America shall be substituted for all Defendants, and is the only Defendant.

3.     A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 20th day of September, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.